DECISION AND JUDGMENT
{¶ 1} Appellant, Leon L. Tarver, appeals the judgment of the Norwalk Municipal Court. For the following reasons, we affirm the trial court's judgment.
 {¶ 2} James Montana, a Norwalk city police officer, observed Tarver proceed west through a school zone intersection, disregarding the crossing guard's clear presence in the intersection directing all traffic to stop. Tarver, a commercial truck driver, was *Page 2 
cited for failing to obey a crossing guard's order, a violation of Norwalk Codified Ordinances 303.02(b).
 {¶ 3} Tarver entered a plea of not guilty. The matter proceeded to a bench trial. Officer Montana testified that the guard was wearing an orange safety vest and held a stop sign and red flag in either hand. He also testified that the guard had stopped traffic to allow a child to cross the street in a direction parallel to appellant's avenue of travel. The trial court entered judgment against appellant. Tarver now raises the following two assignments of error for our review:
 {¶ 4} "I. The Trial Court erred in convicting the Appellant of violating Section 303.02(b) of the Codified Ordinances of the City of Norwalk, Ohio where the State of Ohio failed to adduce sufficient evidence on each element of the offense to prove same beyond a reasonable doubt.
 {¶ 5} "II. Appellant's conviction for violation Section 303.02(b) of the Codified Ordinances of the City of Norwalk, Ohio was against the manifest weight of the evidence."
 {¶ 6} Because they are closely related, we review appellant's assignments of error jointly. With respect to appellant's first assignment of error, we review the trial court's judgment under the well established sufficiency of the evidence standard. The trial court's decision will be upheld if the evidence admitted at trial, "if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the *Page 3 
prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Snyder, 6th Dist. No. WM-08-004, 2009-Ohio-49, ¶ 40; State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus, citingJackson v. Virginia (1979), 443 U.S. 307.
 {¶ 7} We will also review appellant's second assignment of error to determine whether the verdict was against the manifest weight of the evidence. An appellate court shall review the entire record, weighing the evidence and all reasonable inferences, in addition to considering the credibility of witnesses. State v. Bethel (2006),110 Ohio St. 3d 416, 431, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. A conviction is against the manifest weight of the evidence when a greater amount of credible evidence supports acquittal. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. Challenges to the weight of the evidence attack the credibility of the evidence presented. Id. The appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. Id. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 8} Norwalk Codified Ordinances 303.02(b) provides that "no person shall fail to comply with any lawful order or direction of any school crossing guard invested with authority to direct, control or regulate traffic in the vicinity of the school to which such guard may be assigned." *Page 4 
 {¶ 9} Tarver argues that the state failed to present sufficient evidence to prove each element of the offense beyond a reasonable doubt. First, the state presented sufficient evidence demonstrating that Tarver "failed to comply with any lawful order of any school crossing guard." Officer Montana testified that the guard entered the middle of the intersection for the apparent and obvious purpose of stopping all directions of traffic. From Officer Montana's description of the guard's signal, his location, and the appellant's location, the trial court had sufficient evidence to conclude that Tarver failed to obey the order of the crossing guard.
 {¶ 10} Second, Tarver argues that no proof was offered to support the trial court's conclusion that the guard was invested with authority to direct, control or regulate traffic. Officer Montana testified that on multiple occasions he witnessed the same crossing guard, equipped with the same safety attire, directing traffic. The only reasonable inference from this testimony was that the crossing guard was invested with authority to direct traffic through that intersection.
 {¶ 11} Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 12} Appellant next argues that the trial court's judgment was against the manifest weight of the evidence. We find that the state presented credible testimony at trial to support the charge against Tarver; Officer Montana gave a detailed description of the crossing guard, the crossing guard's order, and Tarver's violation. This is not the exceptional case where the evidence weighs heavily against the conviction. Upon review, we cannot say that the fact finder lost its way. *Page 5 
 {¶ 13} Accordingly, appellant's second assignment of error is also not well-taken.
 {¶ 14} The judgment of the Norwalk Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., and William J. Skow, P.J., concur. *Page 1